# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MARSHALL LAWRENCE PETERSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:17-cv-04058-NKL |
| WILLIAM MADSON, et al., | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Marshall Lawrence Peterson sues 31 defendants for declaratory judgment, asking this Court to find void a judgment entered by the Circuit Court of Camden County, Missouri in 1995 (Count I). He also sues four additional defendants for declaratory judgment that an order by the Camden County Commission in 2005 is void (Count II), and asks that the four defendants be enjoined from violating the Missouri Administrative Procedure Act (Count III). Doc. 54 (First Amended Complaint).[1] Several sets of defendants have moved to dismiss or stay Count I of the First Amended Complaint, due to a case now pending in the Circuit Court of Camden County, Missouri. Docs. 58, 63, 64, and 66.[2] The motions to dismiss are granted and Count I is dismissed in its entirety.

**I.    Background**

Henry McCasland developed the Purvis View subdivision in Camden County, Missouri

---

[1] Count I is against 31 persons who own or owned land in the same subdivision as Plaintiff, while Counts II and III are against the Camden County Commission and three Commissioners.

[2] Defendants James Charter IV, Stephanie Paro, Rosemary Butts, Richard Hotchkiss, and Jeanette McColligan filed Doc. 58. Defendants Christine Ellis and Keith Ellis filed Doc. 63. Defendants Michael McCray, Melanie McCray, William Crabtree, Cynthia Crabtree, Patrick Garvey, Diana Garvey, Kenneth Carpenter, Erin Carpenter, Michael Fogelson, and Monica Fogelson filed Doc. 64. Defendant Barry Porter filed Doc. 66.

around 1930. Peterson is a "subsequent grantee and possessor in title to" McCasland. Doc. 54, p. 4, para. 15. Peterson alleges that McCasland expressly granted and dedicated roadway easement rights to the lot owners, and their heirs, grantees, and assignees.

In 1995, certain successors in title and subsequent grantees and assignees of McCasland, who then owned property in Purvis View subdivision, filed a petition in the Circuit Court of Camden County, Missouri against Henry and Clara McCasland to quiet title. The plaintiffs alleged that the subdivision plat did not include, but that Henry McCasland had owned, "a strip of land varying in length and width, between the platted subdivision and the 662 contour line of the Lake of the Ozarks." Doc. 54-5, p. 2, para. 2. The plaintiffs further alleged that they and their predecessors in title had been in open, notorious, hostile, uninterrupted, and undisputed possession of the strip of land since 1931, and had made improvements upon it, including the building of seawalls. They asked for a declaration that they had title in fee simple to the strip of land. Notice of the suit was published in the newspaper. No one intervened in or contested the relief requested, and the Camden County Circuit Court granted the petition to quiet title in October 1995, holding that the plaintiffs adversely possessed the land and thereby divested title from the McCaslands.

Peterson alleges that the strip of land that was the subject of the 1995 state-court judgment was clearly dedicated as a roadway on the Purvis View subdivision plat. He alleges that the plaintiffs in the 1995 state-court case tactically chose to name only the subdivision developer and to provide notice by newspaper publication; failed to join all of the Purvis View lot owners even though they were necessary and indispensable parties; and that he had no notice whatsoever of that suit. Peterson alleges that the state court exceeded its subject matter jurisdiction under Mo. Rev. Stat. sec. 516.090 (relating to claims of adverse possession) and the

common law of adverse possession. He further alleges that a portion of the strip of land was owned in fee simple by Union Electric d/b/a AmerenUE at the time of the suit, and that judgment granting adverse possession against a utility company is prohibited. In Count I of the First Amended Complaint, Peterson asks the Court to declare that the 1995 judgment is void.

Peterson further alleges in the First Amended Complaint that the Camden County Commission granted Sharlene King's petition to vacate a roadway in the Purvis View subdivision in 2004, extinguishing the public's right to use it. He alleges that the Commission's action violated the Missouri Administrative Procedures Act and has created a cloud on his title, and controversy among the property owners concerning ownership and easement rights. In Count II, Peterson asks this Court to declare the Camden County Commission's order void. In Count III, he alleges that the Camden County Commission's order violated his civil rights, and asks that the Commissioners be enjoined from failing to follow Mo. Rev. Stat. sec. 536.067 of the Missouri Administrative Procedures Act.

In support of their motions to dismiss the First Amended Complaint, Defendants argue that counterclaims are now pending in parallel proceeding in state court, involving the same parties and issues as the case before this Court. Specifically, Peterson filed a lawsuit in Camden County Circuit Court in 2015 against the same 31 defendants whom he is suing in Count I of his First Amended Complaint before this Court. *See Peterson v. Madson, et al.,* no. 15CM-CC00251, Cir. Ct. Camden County, Missouri. Doc. 58-1 and 58-44. As in his case currently before this Court, Peterson alleged in the 2015 state court case that the strip of land in the Purvis View Subdivision, along the contour line of the Lake of the Ozarks was clearly dedicated as a roadway on the subdivision plat; that the plaintiffs in the 1995 state-court case tactically chose not to join him and other necessary, indispensable parties, or to provide any proper notice; that

he had no notice whatsoever of the 1995 suit; that the state court lacked jurisdiction; and that the 1995 state-court judgment was therefore void. He asked the state court for an order declaring the 1995 judgment void. Doc. 58-1, p. 4. Several of the defendants[3] in the 2015 state-court case also filed counterclaims against Peterson, including a counterclaim that was the mirror image of Peterson's complaint therein. Specifically, the defendants (or counterclaim plaintiffs) set out Peterson's allegations and their own allegations that the 1995 state-court judgment was valid pursuant to the terms of the subdivision plat, and asked the state court to declare that the 1995 state-court judgment was valid. Doc. 58-3, pp. 8-10 (Second Amended Counterclaim, Count I).

Peterson voluntarily dismissed his petition in the 2015 Camden County case on 6/14/2016, stating that he would refile in the near future. Doc. 58-2. However, the defendants, or counterclaim plaintiffs, continued to pursue their counterclaims and on 5/25/017, the Camden County Circuit Court granted their motion for summary judgment on Count I, holding that the 1995 state-court judgment "is valid and enforceable." Doc. 58-4, p. 1. The state court then set trial on any remaining issues for 7/14/2017.

## II. Discussion

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008) ("[I]n a declaratory judgment action, a federal court has broad discretion to abstain from exercising jurisdiction[.]"). In determining whether to abstain,

---

[3] James Charter IV, Stephanie Paro, Rosemary Butts, Patrick Garvey, Diana Garvey, Michael McCray, Melanie McCray, William Crabtree, Michael Fogelson, Jeanette McColligan, Kenneth Carpenter, and Erin Carpenter.

4

> [T]he district court must consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action, not foreclosed under applicable substantive law, can be better settled by the state court. . . . . If so, the district court must dismiss the federal action because it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.

*Capitol Indemnity Corp. v. Haverfield*, 218 F.3d 872 (8th Cir. 2000).

The threshold question for determining whether the Court should abstain is whether there are parallel proceedings in state court that present an opportunity for the same issues to be addressed. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005). Factors relevant to whether proceedings are parallel include "the scope of the pending state court proceeding and the nature of defenses open there." *Wilton*, 515 U.S. at 282-83 (quotation omitted). Evaluating these factors "entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Id.* at 283 (quotation omitted).

Substantially the same parties are litigating substantially the same issues in state court and before this Court. Peterson sued in state court and in this Court for a declaration that the 1995 state-court judgment is void, alleging that the state court had not had necessary and indispensable parties before it, that he had no notice whatsoever, and the state court did not have authority to enter the judgment. Although Peterson voluntarily dismissed his claims in state court, the counterclaim plaintiffs in the state court proceeding, who are also defendants in the

case before this Court, asserted a mirror-image claim, asking that the 1995 state-court judgment be declared valid.

In considering whether to abstain, federal courts also look to which case was filed first and which has made more progress. *BASF Corp. v. Symington,* 50 F.3d 555, 559 (8th Cir. 1995). The 2015 state-court case was filed more than 18 months ago. That court recently issued an interlocutory ruling granting summary judgment in favor of the counterclaim plaintiffs on their Count I, holding that the 1995 state-court judgment was valid and enforceable, and setting the remaining claims for trial in July 2017. The case before this Court was filed after the state-court case, just over two months ago and is not as far along. Service has only recently been completed and motions to dismiss in lieu of answers have been filed.

Nothing appears in the record demonstrating that Peterson could not raise appropriate defenses in the 2015 state-court case, or that the claims could not be satisfactorily adjudicated there, which is not surprising, given that that the counterclaim was the mirror image of Peterson's own claim for relief. Peterson in fact suggests that the judge in the currently pending state-court case may yet agree with his argument that the 1995 judgment is invalid. Doc. 67, pp. 2-3. Furthermore, nothing appears in the record demonstrating that necessary parties could not be joined in the state court proceeding. Peterson seeks to add Ameren UE as a party plaintiff to the case before this Court, Doc. 56, but he makes no argument that he could not have joined Ameren UE in the state court proceeding, nor any argument that he sought to, nor is the Court aware of any reason he could not have sought to do so. Finally, the issues concerning the 2015 judgment in both the pending state court case and this Court are based on state law.

In view of the foregoing, the Court concludes in its broad discretion that abstention is appropriate with respect to Count I of the First Amended Complaint. Requiring the parties to

proceed in both courts would be uneconomical and vexatious, and serve no useful purpose. *See State Farm Fire and Cas. Co. v. Carnnahan*, 2008 WL 205266, at * 2-3 (W.D. Mo. 2008) (abstention from declaratory judgment suit was appropriate where the two cases were parallel; the court was aware that hardly any progress had occurred in the federal case; the same issues and parties were involved; and the legal matters involved only state law); *American Family Mut. Ins. Co. v. Carter Enterprises, Inc*., 2005 WL 3310467, at *1-3 (W.D. Mo. 2005) (the two pending parallel actions involved the same issues between the same parties; the state court action could resolve all of the issues; and it would be inefficient to require litigation over the common issue in two separate actions); and *Federal Ins. Co. v. Sprigg Lane Inv. Corp*., 915 F. Supp. 122, 124 (E.D. Mo. 1996) (the claims of all parties of interest could satisfactorily be adjudicated in the state court proceeding; there were no matters of federal law to be decided; and a declaratory judgment would serve no useful purpose). The Court is also mindful that if it elected to decide the issue in the place of the Missouri court that is currently resolving the same question, then it could be indulging in the very "gratuitous interference" that the Supreme Court in *Wilton* warned against. *See Wilton,* 515 U.S. at 283 ("[W]here another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference…if it permitted the federal declaratory action to proceed").

When a district court has determined that a federal declaratory judgment action serves no useful purpose, it may dismiss or stay the action. *Cincinnati Indem. Co. v. A.K. Constr. Co.,* 542 F.3d 623, 625 (8th Cir. 2008). When the scope of the state court action is broad enough to resolve all disputes between the parties and there is no apparent reason why an action would return to federal court, then dismissal rather than a stay is the most appropriate course. *Capitol Indem.*

*Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir. 2000) (holding that dismissal was appropriate where the state trial court had already rendered its decision and there appeared to be no reason for the case to return to federal court). The scope of the pending state court proceeding is broad enough to resolve Peterson's claims before this Court concerning the 1995 state-court judgment, inasmuch as the claims are essentially the same. Furthermore, there is no apparent reason why the claim would return to this Court, particularly in view of the fact that the state court has already rendered an interlocutory order on the merits of the claim. Accordingly, Count I will be dismissed in its entirety and with respect to all Defendants whom it is brought against.

## III. Conclusion

Defendants' motions to dismiss Count I of the First Amended Complaint, Docs. 58, 63, 64, and 66, are granted. This Court will abstain from exercising jurisdiction over Count I and it is dismissed in its entirety.

In view of the foregoing, Peterson's motion to join a party plaintiff and to substitute a plaintiff for purposes of Count I, Doc. 56, and Ameren UE's motion to dismiss, Doc. 70, are denied as moot. The pending motions to dismiss the original complaint, Docs. 40, 45, 46, 48, 49, and 51, are also denied as moot.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: July 5, 2017  
Jefferson City, Missouri