IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MARSHALL LAWRENCE PETERSON,    )
                                )
        Plaintiff,               )
                                )
v.                              )     No. 2:17-cv-04058-NKL
                                )
WILLIAM MADSON, et al.,         )
                                )
        Defendants.              )

**ORDER**

Plaintiff Marshall Lawrence Peterson asks the Court to reconsider its Order dismissing Count I of his amended complaint. Doc. 79. The motion is denied.

**I.    Background**

Count I of the amended complaint, Doc. 54, is against 31 persons who own or owned plots of land in the same subdivision as Peterson, and concerns a judgment entered by the Circuit Court of Camden County, Missouri in 1995.[1] The Camden County Circuit Court held that the plaintiffs in that case had demonstrated adverse possession and granted their petition to quiet title. In the case before this Court, Peterson requests a declaratory judgment under Count I, finding that the 1995 state court judgment "is null and void" because neither he nor other necessary, indispensable parties were made part of the state court lawsuit or given notice; the state court lacked subject matter jurisdiction; and neither statutory nor common law requirements relating to adverse possession were established. *Id.,* p. 11.

Several of the Defendants filed motions to dismiss Count I, arguing that there was a pending, parallel proceeding filed in the Camden County Circuit Court in 2015, involving the

---

[1] The amended complaint contained two additional counts, against other defendants, concerning a "vacate roadway" order entered by the Camden County Commission in 2005. Doc. 54, pp. 12-14.

same parties and issues as the case before this Court. Docs. 58, 63, 64, and 66. Specifically, Peterson filed a lawsuit in Camden County Circuit Court in 2015 against the same 31 Defendants whom he is suing in Count I of his amended complaint before this Court. *See Peterson v. Madson, et al.,* no. 15CM-CC00251, Cir. Ct. Camden County, Missouri. Doc. 58-1 and 58-44. His allegations in the state court petition are the same as those in his amended complaint before this Court. Several of the defendants[2] in the 2015 state-court case also filed counterclaims against Peterson, including a counterclaim that was the mirror image of Peterson's state court petition. Specifically, the defendants (or counterclaim plaintiffs) set out Peterson's allegations, then their own allegations that the 1995 state-court judgment was valid pursuant to the terms of the subdivision plat, and then asked the state court to declare that the 1995 state-court judgment was valid. Doc. 58-3, pp. 8-10 (Second Amended Counterclaim, Count I).

Peterson voluntarily dismissed his petition in the 2015 Camden County case on 6/14/2016, stating that he would refile in the near future. Doc. 58-2. However, the defendants, or counterclaim plaintiffs therein, continued to pursue their counterclaims and on 5/25/017, the Camden County Circuit Court granted their motion for summary judgment, holding that the 1995 state-court judgment "is valid and enforceable" and denying Peterson's motion for summary judgment on the counterclaim. Doc. 58-4, p. 1. The state court subsequently entered an "Interlocutory Judgment" on 7/14/2017, which provided in relevant part:

> [T]he judgment dated October 10, 1995, entered in Camden County Case No. CV195-522CC is not void, but rather is valid, binding, and enforceable against Peterson …; the law prevents Peterson … from directly or collaterally attacking said judgment; there is no basis for Peterson … to set aside, amend, modify or change said judgment; and Peterson … [is] barred from bringing further actions to challenge the validity, enforceability, or binding effect of said judgment[.]

---

[2] James Charter IV, Stephanie Paro, Rosemary Butts, Patrick Garvey, Diana Garvey, Michael McCray, Melanie McCray, William Crabtree, Michael Fogelson, Jeanette McColligan, Kenneth Carpenter, and Erin Carpenter.

Doc. 81-1, pp. 2-3.

This Court concluded that the proceedings before it and before the Camden County Circuit Court are parallel, and that requiring the parties to proceed in both courts would be uneconomical and vexatious, and would serve no useful purpose, and that abstention was therefore appropriate with respect to Count I of the amended complaint. This Court further held that dismissal, rather than a stay, was the most appropriate course of action because the scope of the state court action was broad enough to resolve all disputes between the parties and there was no apparent reason why this action would return to federal court. The Court dismissed Count I in its entirety and with respect to all Defendants against whom it was brought. Doc. 77.

## II. Discussion

### A. Peterson's premature notice of appeal does not divest this Court of jurisdiction to dispose of the motion to reconsider.

The Court first addresses a preliminary matter. Peterson filed his motion to reconsider eight days after entry of the order dismissing Count I, and four weeks later filed a notice of appeal to the Eighth Circuit. The dismissal order adjudicated fewer than all claims in the action. Such an order may not be appealed, subject to the exceptions set forth in 28 U.S.C. § 1292, Fed. R. Civ. P. 54(b), and the collateral order doctrine. *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 635 (8th Cir. 2009). The dismissal order does not fall under § 1292 (requests for injunctive relief, certified questions, etc.), nor was a judgment entered, Rule 54(b). Assuming that it is an immediately appealable, collateral order, however, the notice of appeal would not divest this Court of jurisdiction because a notice of appeal is not effective until such a motion is ruled. *See* Fed. R. App. P. 4(a)(4)(B)(i), and *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996) (a motion to reconsider tolls the time for filing a notice of appeal, and a notice of

3

appeal filed prior to disposition of such a motion does not divest the trial court of jurisdiction to rule on it). Therefore, the Court will proceed to rule on the motion.

> B. **Peterson demonstrates no basis for reconsideration.**

Generally, a district court has broad discretion in determining whether to grant a motion to reconsider. *In re Levaquin Products Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014). However, such a motion "serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). It "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). In other words, motions to reconsider do not generally start over consideration of previously-ruled motions.

Peterson raises six "Points" in his motion to reconsider. Doc. 79, pp. 3-14. As discussed below, Peterson establishes neither any manifest errors of law or fact, nor seeks to present newly discovered evidence, and the motion is therefore denied.

> 1. **"REMOVE CLOUD FROM TITLE"**

Peterson first argues that he purchased his lot because of the number of roadways in the subdivision and that neither he, nor anyone else, would have purchased property in the subdivision had they known about the cloud on the title, or at least, would not have purchased property without demanding a discount. Doc. 79, p. 3. Peterson did not make this argument in response to the motions to dismiss, *see* Doc. 67[3], and it is therefore waived. *See United States v. Thirty-Two Thousand Eight Hundred Twenty Dollars and Fifty-Six Cents,* 838 F.3d 930, 937-38 (8th Cir. 2016) (where argument was raised for the first time in a motion to reconsider, the district court properly treated it as waived).

---

[3] Plaintiff filed one set of suggestions in opposition, Doc. 67, to the motions to dismiss Count I of the amended complaint, Docs. 58, 63, 64, and 66.

## 2. "LACK OF SUBJECT MATTER JURISDICTION"

Peterson next argues that the state court lacked subject matter jurisdiction to enter the 1995 judgment because the elements of adverse possession were not met and the state court did not have evidence before it showing that part of the land had been purchased by Union Electric. Doc. 79, p. 4. The Circuit Courts of Missouri are courts of general jurisdiction and as such, they have subject matter jurisdiction over any case or controversy, MO. CONST. ART. V, § 14(a), and MO. REV. STAT. § 478.070, including a case or controversy involving adverse possession. Whether the elements of adverse possession were not established or judgment should not have been entered under the circumstances in 1995, as Peterson argues, goes to the merits of the claim, not the state court's subject matter jurisdiction. Peterson demonstrates no manifest error of law or fact to justify reconsideration.

## 3. "MIRROR IMAGE COUNTERCLAIM"

Peterson argues that the counterclaim in the pending state court proceeding, to declare the 1995 judgment valid, was void because he was not a party to the 1995 judgment and the counterclaim defendants therefore were not entitled to a declaration against him concerning the 1995 judgment. He further argues that in the pending proceeding, the state court has decided only that the 1995 judgment was valid with respect to the parties in the 1995 case, which does not affect him. Therefore, he argues, abstention principles do not support dismissal of his Count I in this case. Doc. 79, pp. 5-9.

Declaratory judgment is generally available in Missouri state courts to "anyone…in any instance" when such relief "will terminate a controversy or remove an uncertainty." Mo. Sup. Ct. R. 87.02(d). Peterson demonstrates no manifest error of law with respect to the state court's ability to reach the dispute presented by the counterclaim defendants.

Furthermore, in granting the counterclaim plaintiffs' motion for summary judgment and

denying Peterson's motion for summary judgment, the state court did rule on the effect of the 1995 judgment with respect to Peterson. Specifically, the court stated in its Interlocutory Judgment entered July 14, 2017 that the 1995 judgment "is not void, but rather is valid, binding, and enforceable against Peterson"; "the law prevents Peterson … from directly or collaterally attacking said judgment"; "there is no basis for Peterson…to set aside, amend, modify or change said judgment"; and that "Peterson … [is] barred from bringing further actions to challenge the validity, enforceability, or binding effect of said judgment." Doc. 81-1, pp. 2-3. Therefore, Peterson has demonstrated no manifest error of fact.

### 4. "A JUDGMENT VS. A CONTRACT"

Peterson states that a judgment is not a contract. He argues that the counterclaim plaintiffs "could have" asked the state court to enter rulings about the subdivision deed and plat, which "are contracts" and which the state court did have authority to rule on, but they failed to make such a request even though that is what their counterclaim was truly about. Doc. 79, p. 9.

As discussed above, Peterson has demonstrated no manifest error of law concerning the state court's ability to reach the issue presented by the counterclaim defendants. He therefore demonstrates no manifest error of law respect to a claim that, he argues, the counterclaim plaintiffs "could have" made.

### 5. "AS EXPLAINED ABOVE, THE COURT CAN SEE THIS DOES NOT SATISFY THE BRILLHART ABSTENTION IN SEVERAL WAYS"

Peterson argues that the case before this Court does not present "local questions," rather, the "main issue brought to this Court and the state court is the federal question of … due process"; the issues between this case and the state court case "are not at all the same"; the parties are not the same; it would be uneconomical for only the state court case to proceed; and the "increased discretion" under *Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942), and *Wilton v.*

*Seven Falls Co.,* 515 U.S. 277 (1995), does not apply to declaratory judgment actions involving violation of important federal rights. Doc. 79, pp. 10-11.

Peterson did not argue in his response to the motions to dismiss that a federal claim for due process would foreclose abstention, or that a federal question of due process was the "main issue" before the Court, nor even mention due process. *See* Doc. 67. Therefore, the argument is waived. *See United States v. Thirty-Two Thousand Eight Hundred Twenty Dollars and Fifty-Six Cents,* 838 F.3d 930 at 937-38.

Peterson's remaining arguments—concerning similarity of the issues between this case and the state court case, and similarity of the parties, and whether it would be uneconomical for the federal case to proceed—do not demonstrate a manifest error of law or fact that would merit reconsideration. As addressed in the dismissal order, substantially the same parties are litigating substantially the same issues in the state court. The counterclaim plaintiffs in the state court proceeding are defendants in the case before this Court. Although not all 31 defendants whom Peterson sues under Count I herein are counterclaim plaintiffs in the state court proceeding, the parties in the two suits need not be identical as Peterson suggests, only substantially the same. *W. Heritage Ins. Co. v. Sunset Sec., Inc.*, 63 F. App'x 965, 967 (8th Cir. 2003).

Peterson also suggests that the 1995 state court judgment was narrow, in that it was entered after the defendant defaulted, and argues that the claim he asserts in Count I herein "cannot be tested at all" in state court, so the issues in the two proceedings are not substantially similar. Doc. 79, p. 10. However, and as discussed in the dismissal order, Peterson sued both in state court and in this Court for a declaration that the 1995 state-court judgment is void, alleging that the state court had not had necessary and indispensable parties before it, that he had no notice whatsoever, and the state court did not have authority to enter the judgment. Although Peterson voluntarily dismissed his claims in the pending state court proceeding, the counterclaim

7

plaintiffs therein, who are also defendants in the case before this Court, asserted a counterclaim identifying the same dispute between Peterson and themselves, and asking that the 1995 state-court judgment be declared valid. As discussed in the dismissal order and above, that claim could be satisfactorily adjudicated in the state court proceeding. Declaratory judgment is generally available in Missouri state courts to anyone in any instance when such relief will terminate a controversy or remove an uncertainty. Mo. Sup. Ct. R. 87.02(d). Peterson even filed a motion for summary judgment with respect to the counterclaim in state court. Peterson demonstrates no manifest error of law or fact with respect to substantial similarity of the issues.

Finally, Peterson argues that it would be more efficient to litigate the issues in this court than in the state court. However, in the dismissal Order, the Court observed that the state court proceeding had been filed in 2015 and had made substantial progress, *i.e.,* to the summary judgment stage, in contrast to the case before the Court which at the time was only two months old. The Court was also "mindful that if it elected to decide the issue in the place of the Missouri court that is currently resolving the same question, then it could be indulging in the very 'gratuitous interference' that the Supreme Court in *Wilton* warned against." Doc. 77 p. 7 (citing *Wilton,* 515 U.S. at 283 ("[W]here another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference…if it permitted the federal declaratory action to proceed")).

Furthermore, in his reply suggestions in support of reconsideration, Peterson now cites *Pauli v. Spicer,* 2014 WL 5139384 (Mo. App. Oct. 14, 2014), which weighs against his motion to reconsider. *Pauli* was a case for declaratory judgment filed by the two property owners against Defendant Spicer, about a judgment entered in an earlier case in 2008. The 2008 judgment concerned property in which the property owners had an interest. They were not

parties to that earlier case, but Defendant Spicer was, and the court therein proceeded to quiet title in favor of Defendant Spicer. Later, in *Pauli*, the property owners sought a declaration that the 2008 judgment was null and void, because they were necessary and indispensable parties to that case. The trial court in *Pauli* proceeded to enter judgment in favor of Defendant Spicer, but the Court of Appeals reversed, holding that the 2008 judgment was null and void, and ordering that judgment be entered in favor of the property owners. Peterson cites no authority demonstrating that this Court may reverse or modify a state court judgment, but he does cite authority, *Pauli,* demonstrating that the type of argument he makes concerning the 1995 Camden County Circuit Court judgment is one that Missouri courts will entertain. Peterson has demonstrated no manifest error of law or fact in support of his Point 5.

### 6. "OPTIONS—PAST, CURRENT AND FUTURE"

Peterson's final argument is that he has other options for removing the cloud "from the title that was put there by the 1995 lawsuit[,]" but he believes the "'relief from void judgment' approach is more thorough and potentially much quicker overall." *Id.,* pp. 12-16. Efficiency of proceeding in state court rather than this Court was addressed in the preceding section. Nothing in Peterson's Point 6 demonstrates manifest error of law or fact that justifies reconsideration.

### III. Conclusion

Plaintiff's motion to reconsider, Doc. 79, is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  October 20, 2017
Jefferson City, Missouri