# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MARSHALL LAWRENCE PETERSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:17-cv-04058-NKL |
| WILLIAM MADSON, et al., | ) |
| Defendants. | ) |

## ORDER

Defendants Camden County Commission and Commissioners Greg Hasty, Beverly Thomas, and Don Williams move to dismiss Counts II and III of the First Amended Petition. Doc. 90. Plaintiff Peterson moves for leave to file a Second Amended Petition. Docs. 101 and 101-1. The motion to dismiss is granted. The motion for leave to amend is denied.

**I.     Background**

As relevant to Counts II and III, Peterson alleges in the First Amended Petition that the Camden County Commission has statutory authority to vacate roadways pursuant to Mo. Rev. Stat. § 71.270.1. Doc. 54, p. 8, ¶ 33. The statute provides that upon petition, the Commission may vacate a roadway marked on a subdivision's recorded plat. *Id.* Notice of hearing on the petition must be published in the local newspaper at least 15 days prior to presentation of the petition to the Commission. § 71.270.1-.2. The Commission may enter an order vacating the roadway "[i]f no person interested in [the] subdivision shall appear and show cause why" the roadway should not be vacated. § 71.270.3. An order vacating a roadway shall be filed with the office of the county recorder if requested by the Commission. § 71.270.4.

In 2004, a petition was filed with the Camden County Commission, to vacate a roadway

in the Purvis View subdivision, which has a recorded plat. Notice of public hearing on the petition was published in the local newspaper on December 15, 2004. A public hearing was held on January 3, 2005 and no interested person appeared in opposition to the petition. Camden County Commissioners Carol Loraine, Beverly Thomas, and Thomas Gumm granted the petition and issued an order vacating the roadway on January 4, 2005. The order was certified by the County Clerk and filed with the Recorder of Deeds the same day.

Peterson bought property in the Purvis View subdivision in May 2015. Doc. 54-1 (Warranty Deed).

In Count II of the First Amended Petition, Peterson asks the Court to find that the Commission's 2005 order is void because sufficient notice of the petition was not given; § 71.270 did not authorize the roadway at issue to be vacated; and the Camden County Commission did not follow notice procedures provided under the Missouri Administrative Procedures Act.

In Count III, Peterson asks that the Camden County Defendants be ordered to follow Mo. Rev. Stat. §536.067, which provides for notice in proceedings for review of contested administrative proceedings.

Peterson moves for leave to file his proposed Second Amended Petition to:

- substitute "Camden County" for the "Camden County Commission";
- add Camden County Commissioners Carol Loraine and Thomas Gumm as defendants in their individual capacities;
- replace Count III with an amended Count III seeking declaratory and injunctive relief, and new Counts IV and V seeking damages; and

- substitute "Union Electric Company d/b/a Ameren Missouri" for "Union Electric Company d/b/a AmerenUE" and, in the caption of the pleading, move Union Electric from the section listing the Plaintiffs, to the section listing the Defendants.

Doc. 101, pp. 1-2, and Doc. 101-1 (proposed Second Amended Petition).

**II.     Discussion**

The Camden County Defendants argue that the claims against them should be dismissed because Count II's challenge to the 2005, vacate-roadway order is untimely, and Peterson lacks standing to obtain the injunctive relief he seeks in Count III. Defendants Hasty and Williams additionally argue that the claims against them should be dismissed because they were not on the Commission at the time of the 2005 order, as evidenced by the order, attached to the First Amended Petition, Doc. 54-11 (Exhibit J). Peterson argues that there is no statute of limitations and that the Commissioners are likely to continue violating the law, so the motion to dismiss should be denied.

In his motion for leave to file the proposed Second Amended Petition, Peterson states that he does not seek to amend anything with respect to Count I of the current petition, which is the subject of his currently pending interlocutory appeal, *Peterson v. Madson, et al.,* Eighth Circuit Court of Appeals, case no. 17-2818. Nor does Peterson propose to amend any factual allegations at all. With respect to the changes that Peterson does propose, he states that Camden County is more properly named as a defendant than the Commission; Commissioners Loraine and Gumm were Commissioners at the time of the tort; and separating Count III into three separate counts "isolates" the declaratory and injunctive relief sought, from the new claims for damages that he seeks to add. Doc. 101, p. 2. With respect to Union Electric, Peterson states that substituting

"Union Electric Company d/b/a Ameren Missouri" for "Union Electric Company d/b/a AmerenUE" is "proper[.]" *Id.* He also states that he "does not have any claims against this company," but that the Court should rule on whether Union Electric should be party plaintiff or defendant or "dismissed" and until then, he proposes moving Union Electric to the list of defendants in the case caption. *Id.* Defendants argue that the proposed amendments to the petition would be futile for the same reasons stated in their motion to dismiss, and that the motion for leave should therefore be denied.

> **A. The Court has jurisdiction to decide the motions, notwithstanding Peterson's pending, interlocutory appeal.**

The Court first addresses its jurisdiction to decide the motions, in view of Peterson's interlocutory appeal which concerns the dismissal of Count I of the First Amended Petition. *See Peterson v. Madson, et al.,* Eighth Circuit Court of Appeals, case no. 17-2818. In Count I, Peterson named 31 Defendants, other than the Camden County Defendants, and sought relief from a 1995 judgment entered in state court, concerning adverse possession of roadways in the Purvis View subdivision. This Court held that it would abstain from exercising jurisdiction over Count I and dismissed the count in its entirety. Doc. 79 (Order).

Defendants Camden County Commission and Commissioners Greg Hasty, Beverly Thomas, and Don Williams moved in the Eighth Circuit to be dismissed from the appeal, on the basis that Count I did not apply to them; the claims that did apply to them were still before this Court; and they were not proper parties to the appeal. *See Peterson,* case no. 17-2818 (motion filed 12/12/2017). Peterson did not oppose their motion. *Id.* (response filed 12/13/2017). The Eighth Circuit granted the motion and dismissed the Camden County Defendants from the appeal on 12/14/2017. *Id.*

An interlocutory appeal "does not oust district-court jurisdiction to continue with

4

proceedings that do not threaten the orderly disposition of the interlocutory appeal[.]" *See* Charles Allen Wright and Arthur L. Miller, 16A Fed. Prac. & Proc. Juris. § 3949.1 (4th ed.) (and citations therein). *See also Chambers v. Pennycook*, 366 F. App'x 707, 707 (8th Cir. 2010), *on reh'g,* 641 F.3d 898 (8th Cir. 2011) (concluding, "[u]pon careful review[,]" that "the district court did not err in ruling on the remaining defendants' summary judgment motions despite [the plaintiff's] pending interlocutory appeal") (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982) (per curiam) (the filing of a notice of appeal, including an interlocutory appeal, confers jurisdiction on court of appeals and divests district court of control over "those aspects of the case involved in the appeal")).

The Court concludes that it has jurisdiction to decide the motion to dismiss and the motion for leave to amend, notwithstanding the interlocutory appeal. Count I is separate from the remaining counts, in terms of both the defendants sued and the relief requested. The Camden County Defendants have been dismissed from the appeal by the Eighth Circuit, upon their unopposed motion in which they argued that Count I did not apply to them. Nothing raised in the motions to dismiss and for leave to amend suggests that the orderly disposition of the interlocutory appeal would be threatened if the Court proceeded to decide them. Therefore, the Court turns to the motions.

      **B.**     **Count II of the First Amended Petition is untimely.**

The Camden County Defendants argue that Count II is untimely because it was not filed within five years of accrual of the claim. Doc. 90, p. 2. Under Missouri law, a five-year statute of limitations applies to requests for declaratory judgment. Mo. Rev. Stat. § 516.120(4). The statute begins to run at the time the action accrues. Mo. Rev. Stat. § 516.100. A cause of action

accrues when the damage resulting from the wrong is sustained and capable of ascertainment. Mo. Rev. Stat. 516.100.

Peterson alleges that the 2005 vacate-roadway order created a dispute about who possesses the roadway at issue and is a cloud on his title. Doc. 54, pp. 10-11, ¶ 49. If the vacate-roadway order created the controversy, then it did so when it was approved and publicly recorded in January 2005. The damage resulting from the wrong of which Peterson complains was therefore sustained and capable of ascertainment in January 2005, more than five years before Peterson filed this lawsuit.

Peterson argues that the statute of limitations only begins to run "when somebody 'knows or should have known' about an injury." Doc. 93, p. 4. He suggests that he did not have proper notice, because notice of the hearing on the petition was by publication, in violation of his due process right. *Id.*, p. 5. But if Peterson was interested in the vacate-roadway issue in 2005, he was unknown to the Commission at that time because he was not a property owner in the subdivision in 2005. The warranty deed attached to the First Amended Petition reflects that he only obtained the property in 2015. Notice by publication is sufficient when interested parties are unknown, and their interests or whereabouts cannot, with due diligence, be ascertained. *See Collector of Revenue by & through the Dir. of Collections for Jackson Cty. v. Parcels of Land Encumbered with Delinquent Land Tax Liens*, 453 S.W.3d 746, 752 n.9 (Mo. 2015) (en banc) (holding that publication notice is sufficient as to unknown beneficiaries "whose interest or whereabouts could not with due diligence be ascertained") (*quoting Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 317 (1950)).

Peterson also argues that there is no statute of limitations for extrinsic fraud, "where someone is intentionally kept from properly having their day in court[,]" and "[t]he Defendant

6

Commissioners are facilitating this." Doc. 93, p. 5. Peterson does not cite any authority in support of his argument, nor even explain how the Commissioners committed a fraud in 2005 in using procedures provided under Mo. Rev. Stat. § 71.270. In his suggestions in opposition to the motion to dismiss, Peterson does discuss a separate, 2015 state court case, involving a challenge to a 2012 vacate-roadway order and he represents that the Commissioners had been sympathetic to lot owners' arguments at the time of the 2012 order. *See* Doc. 89, pp. 2-4. But Peterson's representations concerning the 2012 order are not part of the allegations in the First Amended Petition and do not, in any event, demonstrate that the Commissioners committed a fraud in 2005.

Count II of the First Amended Petition is untimely and is therefore dismissed.

**C.** **Peterson lacks standing to obtain the injunctive relief sought under Count III of the First Amended Petition.**

Peterson asks in Count III that the Defendants be enjoined to follow the law, specifically, Mo. Rev. Stat. § 536.067 which establishes notice procedures for contested hearings before agencies. Doc. 54, p. 14, ¶ 64. He alleges that the "commissioners of Camden County routinely" and "as [a] custom" fail to provide notice of "pending litigation that would affect valuable property rights[,]" and that he "has suffered injury as a result of this [the 2005] roadway vacation Order." *Id.,* ¶¶ 63-64.

The Camden County Defendants argue that Peterson has failed to allege that he has standing to obtain such relief. "In the case of complaints for injunctive relief, the 'injury in fact' element of standing requires a showing that the plaintiff faces a threat of ongoing or future harm." *Park v. Forest Serv. of U.S.*, 205 F.3d 1034, 1037 (8th Cir. 2000) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 101–05 (1983)). More specifically, "it is the plaintiff's burden, in a lawsuit brought to force compliance, to establish standing by demonstrating that, if

7

unchecked by the litigation, the defendant's allegedly wrongful behavior will likely occur or continue and that the threatened injury is certainly impending." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000) (citation omitted)). "Abstract injury is not enough. … [T]he … threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Lyons,* 461 U.S. at 102 (citations omitted).

Peterson's allegations do not establish that he has standing. He alleges in Count III that he was injured by the 2005 vacate-roadway order and that the commissioners fail to provide notice, routinely or as a custom. But past exposure to allegedly unconstitutional conduct does not alone suffice to establish standing, *see Park*, 205 F.3d at 1037, and Peterson alleged no ongoing proceedings before the Commission with respect to the 2005 vacate-roadway order. His conclusory allegation that the commissioners routinely or as a matter of custom fail to provide notice is also insufficient to establish that he faces a real and immediate threat of future harm. In *Lyons,* for example, the plaintiff sought injunctive relief barring Los Angeles police officers from using chokeholds unless suspects were threatening the officers with the immediate use of deadly force. 461 U.S. at 98. The Supreme Court held that the plaintiff did not have standing to seek such relief because he had failed to demonstrate that there was a sufficient likelihood that the police would subject him to a chokehold in the future. *Id.* at 105-110. Although the plaintiff had been subjected to a chokehold in the past and alleged that the police officers routinely applied chokeholds when they were not threatened by deadly force, the Supreme Court concluded that these facts fell short of establishing that the plaintiff faced a real and immediate threat of future harm. *Id.* at 105-106. Peterson's allegations similarly fall short of stating a real and immediate threat that he will suffer injury in the future absent injunctive relief.

Peterson argues that "this has always been the Camden County Commissioners' policy,

so there's a pretty good chance that it'll also be their policy tomorrow[,]" and that "Article III standing is therefore not an issue." Doc. 93, p. 8. As discussed above, the only allegations about notice in the petition concern the 2005 vacate-roadway order, which do not suffice. Peterson also includes citations to authorities, *id.* (citing *Edelman v. Jordan,* 415 U.S. 651 (1974); *Ex Parte Young,* 209 U.S. 123 (1908); and *Pulliam v. Allen*, 466 U.S. 522 (1984)), but does not explain how they alter the requirement, discussed above, that he demonstrate injury in fact.

Peterson has failed to allege that he has standing to seek injunctive relief and Count III of the First Amended Petition is therefore dismissed.

### D. Peterson's motion for leave to amend is denied as futile.

Although leave to amend should be freely granted when justice so requires, Fed. R. Civ. P. 15(a), Peterson has not demonstrated that leave should be granted. The proposed amendments do not change the analysis with respect to dismissal, above, and amendment would be futile. *See Zutz v. Nelson,* 601 F.3d 842, 852 (8th Cir. 2010) (an amendment is futile if the proposed amended pleading would not survive a Rule 12(b)(6) motion to dismiss)).

Peterson states that he seeks to add a request for declaratory relief to Count III's current request for injunctive relief to "isolate[]" the declaratory and injunctive relief sought, from the proposed new counts for damages. Doc. 101, p. 2. The Camden County Defendants argue that the count would still fail for the same reasons stated in their motion to dismiss, and that leave to amend should therefore be denied as futile. Doc. 106, p. 3. Peterson did not respond to the Defendants' arguments. The factual allegations in the proposed Second Amended Pleading have not changed, and the proposed amended Count III seeking declaratory and injunctive relief remains based on the 2005 vacate-roadway order. As discussed above, Peterson's request for declaratory relief is untimely and he lacks standing to seek injunctive relief. Therefore, Peterson

9

has failed to demonstrate that leave to amend Count III should be granted.

In the proposed new counts, Counts IV and V, Peterson seeks to add claims for damages for deprivation of his property rights caused by the 2005 vacate-roadway order. The Camden County Defendants argue that such claims would be untimely because even the longest statute of limitations that could apply, ten years, expired in 2015, before Peterson filed this lawsuit. Doc. 106, pp. 3-4. *See also* Mo. Rev. Stat. § 516.110(3) (actions for relief, not otherwise provided for, are subject to ten-year statute of limitations). Peterson did not respond to Defendants' arguments. The ten-year statute of limitations expired before Peterson filed suit. Therefore, Peterson has failed to demonstrate that leave to amend to add Counts IV and V should be granted.

Because the arguments for dismissal of the claims against the current Camden County Defendants would apply equally to the proposed new defendants, any amendment to add them would be futile. Leave to amend to add them is therefore denied.

Finally, with respect to Union Electric, Peterson admits in his motion for leave that he "does not have any claims against this company[.]" Doc. 101, p. 2. He has therefore failed to show why leave to amend should be granted to substitute "Union Electric Company d/b/a Ameren Missouri" for "Union Electric Company d/b/a AmerenUE," or to move Union Electric from the list of plaintiffs to the list of defendants in the case caption.

In view of the foregoing, Peterson's motion for leave to amend is denied.

### III. Conclusion

Defendants Camden County Commission and Commissioners Greg Hasty, Beverly Thomas, and Don Williams' motion to dismiss Counts II and III of the First Amended Petition,

Doc. 90, is granted. Plaintiff Peterson's motion for leave to file a Second Amended Petition, Doc. 101, is denied.

                                                                             s/ Nanette K. Laughrey
                                                                             NANETTE K. LAUGHREY
                                                                             United States District Judge

Dated:  December 29, 2017
Jefferson City, Missouri